Johnson, J.
We find it impossible to collect from the brief, which the presiding Judge has adopted as his report, what is the precise state of facts in this case : but connected with the explanations of counsel, they appear to be as follows.
The plaintiff lodged a fi. fa. on his judgment in the office of Bates, at that time sheriff of the district; and the defendant subsequently paid Bates a sum of money, taking his receipt, in which it was specified, that the money was to be applied to the executions in his office against the defendant, according to their priorities. The plaintiff’s execution was senior to all the others; and the money paid by the defendant was more than sufficient to have satisfied it. Bates, however, did not pay over the money, and went out of office, without crediting it either to the plaintiff’s, or to any other execution ; but leaving all of them open against the defendant. His successor, Anderson, subsequently levied on the goods of the defendant under junior executions, and the present plaintiff claimed to be paid out of the proceeds; whereupon this rule was taken out against him.
From this statement it is apparent, and it is so conceded by counsel, that the only question is, whether the defendant is to be *221 credited with the amount paid by him. to Bates, or whether he must bear the loss consequent on the defalcation of the latter. If this be true, I should scarcely have supposed that there could have been a diversity of opinion about it. Having the plaintiff’s execution in his hands, Bates, as sheriff, was clearly intitled to receive the money; and having done so, the defendant- is discharged. The plaintiff must look to Bates, or his sureties.
Rule absolute.